FILED

SEP 29 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW, Room 1225
Washington D.C. 200001

| | | |
|---|---|---|
| Marco J. Thomas<br>10008 Edgewater Terrace<br>Ft. Washington MD 20744-5767<br>301-567-2473<br>PLAINTIFF<br><br>v<br><br>John E. Potter, Postmaster General,<br>U.S. Postal Service, (Agency)<br>400 Virginia Avenue, SW, Suite 650<br>Washington, D.C. 20024<br>Reference EEOC No. 100-2004-01034X<br>Ageny Case No. 4K-220-0002-03<br>DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER  1:05CV01923<br><br>JUDGE: John D. Bates<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 09/29/2005 |

JURY ACTION

## COMPLAINT

Marco J. Thomas, Plaintiff **(request a Trial by Jury)** in the above-referenced matter (henceforth "Plaintiff") filed complaints against The United States Postal Service (USPS) with the Equal Employment Opportunity Commission (EEOC) Agency Case No. 4K-220-0002-03, EEOC No. 100-2004-01034X, for Discrimination based on **Mental Disability** (Stress, Anxiety, and Depression), **Age 40+** (Date of Birth 10/14/1962), **Race** (Black) and **Retaliation** for prior EEO Activity when: **(1)** On September 16, 2002, Plaintiffs request for Leave Without Pay (LWOP) in lieu of annual or sick leave for the period of September 5, 2002, until further notice was disapproved; **(2)** on December 9, 2002, Plaintiff reported for duty as scheduled and was yelled at in front of fellow employees to get off the work-room floor and return at 10:00am.; **(3)** on December 2, 2002, Plaintiff was harassed by management officials about his work performance on a new work assignment; **(4)** On October 28 and 29, 2002, Plaintiff was harassed

1

RECEIVED
SEP 29 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
SEP 21 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

by management officials about his work performance on a new work assignment; **(5)** also on December 2, 2002, after Plaintiff returned form an appointment from the United States Postal Service Medical Unit, Plaintiff was advised that his reporting time had been changed from 7:00 a.m. to 9:00 a.m. that day thus making the job related appointment off-the-clock; **(6)** on February 10, 2002, Plaintiff received a Notice of 14-day suspension. All EEOC complaints and formal complaints, request, inquiries etc. were filed on or before and within required deadlines or time(s).

On June 2, 2005, EEOC Administrative Judge Richard W. Furcolo issued a biased decision dismissing the Plaintiffs complaint for untimely filing of a formal complaint. This decision was received by the Postal Service on June 6, 2002 and The United States Postal Service EEO mailed Plaintiff the **NOTICE OF FINAL ACTION** on June 7, 2002 and for timeliness purposes, presumed that it was received by Plaintiff within five (5) calendar days after it was mailed (6/7/05) as on the date listed on **NOTICE OF FINAL ACTION.**

The Plaintiff hereby responds as follows to the motion to dismiss filed on behalf of the Postmaster General (henceforth "the Agency") in the above-referenced matter. For the reasons stated above, that motion should be denied.

The Agency's entire argument was based upon the assertion that the formal complaint in this matter was filed 58 minutes late, namely, at 12:58 a.m. on February 21, 2003, rather than before midnight on February 20, 2003. Because the Notice of Right to File was issued on or about February 5, 2003, the Agency contends that the formal complaint was therefore untimely and must be dismissed.

In making this argument, the Agency invited the Court to ignore the date and time shown at the top of each of six pages including a cover letter from Plaintiffs former counsel, the complaint, and attachments to the formal complaint, all of which reflect that these documents were actually faxed between 11:53 p.m. and 11:54 p.m. on February 20, 2003.

Instead, according to the Agency, the Court should accept the time shown on a subsequent fax receipt, namely, 12:58 a.m. on February 21, 2003, as correct, based upon the declaration of Agency Representative Kathleen Eley, who does not state her credentials as an

expert on office machinery, that "I can state with certainty that it would not be possible for this document to be faxed to my office at 11:53 p.m. and then have a fax receipt print out from the facsimile machine at 12:58 a.m. the following morning." (Declaration of Kathleen Eley, par. 6.)

The Court should decline the Agency's invitation. If the Agency seriously contends that it received the six faxed pages at some time after that shown on the exhibited pages, the Agency should have produced copies of these subsequently faxed pages. Because the Agency has not done so, the Court must accept the time shown on the only faxed pages the Court has before it and conclude that–whatever Ms. Eley's personal opinion regarding the possibility of a delayed receipt–the receipt offered by the Agency does not accurately reflect the actual time that the Agency received the faxes.

Furthermore, the Court should note that the Agency has waited almost two years after the complaint was filed to raise the claim that the complaint was filed 58 minutes after the deadline. Under these circumstances, the Agency should be stopped from raising this hypertechnical argument at such a late date. Or in the alternative I request that the court send my case back to the Agency.

WHEREFORE, the motion to dismiss should be denied and Plaintiff requests to be granted a immediate ruling in this Complaint in his favor and be awarded the relief(s) of, 1) expunge all records of reprimands or actions from 9/5/2002 through 6/2003 in all complaints listed within, 2) be made whole for all lost wages and benefits from 9/5/2002 through settlement 3) continuation of pay, 4) compensatory and punitive damages (pain and suffering), 5) restoration of credit history, 6) payment of all legal fees accrued, 7) reassignment and re-training in another work assignment in a non-City Carrier related or mail related delivery, supervisory, preparation, handling etc., 8) compensation of all past (since 9/5/2002), present and future medical bills related to medical illnesses (Stress, Anxiety and Depression).

Respectfully Submitted,

Marco J. Thomas, Plaintiff
10008 Edgewater Terrace
Ft. Washington MD 20744-5767
301-567-2473

4