UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCO J. THOMAS,                )<br>       Plaintiff                       )<br>                                               )<br>v.                                              )<br>                                               )<br>JOHN E. POTTER,                  )<br>POSTMASTER GENERAL,     )<br>UNITED STATES POSTAL SERVICE,  )<br>       Defendant                    )  | Case No. 05-1923 (JDB) |

**DEFENDANT'S MOTION TO DISMISS OR, IN
THE ALTERNATIVE, TO TRANSFER FOR LACK OF VENUE**

Defendant John E. Potter, Postmaster General, United States Postal Service, moves to dismiss this case for failing to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for lack of subject matter jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(1), (3) and 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).  In the alternative, any claims not dismissed should be transferred to the Eastern District of Virginia where venue is proper.  This motion is accompanied by a Memorandum and a proposed Order consistent with LCvR 7(a) and (c).

                                                Respectfully submitted,

                                                /s/
                                    KENNETH L. WAINSTEIN, DC Bar #451058
                                    United States Attorney


                                                /s/
                                    R. CRAIG LAWRENCE, DC Bar #171538
                                    Assistant United States Attorney

        /s/
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Motion to Dismiss to be sent via first class mail on:

    Mr. Marco J. Thomas
    10008 Edgewater Terrace
    Fort Washington, MD 20744-5767

on this 2nd day of December, 2005.

        Karen L. Melnik
        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARCO J. THOMAS, | ) | |
| Plaintiff | ) | Case No. 05-1923 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| Defendant | ) | |

**DEFENDANT'S STATEMENT OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY,
TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA**

Defendant John E. Potter, Postmaster General, United States Postal Service, moves to dismiss this case for failure to state a claim upon which relief can be granted, and for lack of subject matter jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(1), (3) and 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). Alternatively, any claims not dismissed should be transferred to the Eastern District of Virginia where venue is proper.

**I. BACKGROUND**

Plaintiff Marco J. Thomas is employed as a City Letter Carrier at the Arlington Post Office in Arlington, Virginia. See Declaration of Randolph A. Wilkinson ("Wilkinson Dec."), attached, ¶ 2. He has held that position since October 21, 1989. Id. In his Complaint, plaintiff appears to be attempting to assert claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act ("ADEA"),

29 U.S.C. § 621 *et seq*. (2000), and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 *et seq*. Complaint, p. 1.[1]

Plaintiff's complaint lists the claims that he raised with the Equal Employment Opportunity Commission ("EEOC") based on his treatment in the Arlington Post Office. Specifically, Plaintiff states that (1) on September 16, 2002, his request for Leave Without Pay ("LWOP") in lieu of annual or sick leave for the period of September 5, 2002 until further notice was disapproved; (2) on December 9, 2002, he reported for duty as scheduled and was yelled at in front of fellow employees to get off the work-room floor and return at 10:00 a.m.; (3) on December 2, 2002, he was harassed by management officials about his work performance on a new work assignment; (4) on October 28 and 29, 2002, he was harassed by management about his work performance on a new work assignment; (5) on December 2, 2002, after returning from an appointment at the U.S. Postal Service medical unit, he was advised that his reporting time had been changed from 7:00 a.m. to 9:00 a.m. that day thus making the job related appointment off-the-clock; and (6) on February 10, 2002, he received a Notice of 14-days suspension. Complaint, pp. 1-2.

Other than listing the six claims mentioned above, Plaintiff does not provide a single word to demonstrate how or why he is entitled to relief from this Court. Indeed, the remainder of Plaintiff's complaint addresses the EEOC Administrative Law Judge's decision to dismiss Plaintiff's formal complaint as untimely. Complaint, p. 2-3. Plaintiff appears to be asking this Court to review that decision. Complaint, p. 3.

---

[1] Plaintiff's complaints do not contain numbered paragraphs.

## II. ARGUMENT

**A.    To Survive A Rule 12(b)(6) Motion, The Complaint Must State *Facts* Establishing A Legally Sufficient Claim**

As this Circuit has noted, notwithstanding the liberal pleading requirements in the Federal Rules, a plaintiff must state the *facts* that he believes constitute his claim in the complaint. Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002). The purpose of a Rule 12(b)(6) motion is to protect both the defendants and the Court from unnecessary litigation by determining, at the outset of the litigation, whether the facts alleged constitute a legally cognizable basis for relief:

> A Rule 12(b)(6) motion tests the legal sufficiency of a complaint: . . . [W]e accept the plaintiff' factual allegations as true and construe the complaint "liberally," grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the *facts* alleged," Kowal, 16 F.3d at 1276. . . [But] we accept neither "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," nor "legal conclusions cast in the form of factual allegations."

Id. (emphasis added).

Thus, the analysis of the sufficiency of the complaint is based on *facts* that plaintiff has plead, not plaintiff's legal conclusions and citations, characterizations, or rambling circumlocutions. The complaint is required to include a reasonably concise statement of the *facts* that plaintiff believes provable at trial and that entitle him to relief so the Court can determine which, if any, claims are subject to litigation. Id.; see also Fed. R. Civ. P. 8(a) (requiring plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief"); Browning, 292 F.3d at 242 (Court will not accept "legal conclusions cast in the form of factual allegations").

Here, Plaintiff's complaint not only is devoid of facts but also is lacking an articulable claim upon which relief can be granted. His complaint is essentially a response to the Postmaster General's motion to dismiss, and a request for this Court to review the Administrative Law Judge's decision that plaintiff's formal complaint with the EEOC was untimely filed. These are not actionable claims. See Packer v. Garrett, 735 F. Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination; this right is served even if errors are made in processing the charge, by the right to a trial de novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v. Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for discrimination. It does not create an independent cause of action for the mishandling of an employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert. denied, 503 U.S. 918 (1992).

Plaintiff's only available relief was to file a complaint in this Court seeking a trial de novo on his discrimination claims, as Title VII does not permit plaintiff to challenge the processing of his EEO claim. Accordingly, his complaint fails to state a claim and should be dismissed.

    **B.**    **The Title VII claims should be dismissed or transferred pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.**

"[I]n considering a rule 12(b)(3) motion, the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dept. of Energy, 231 F. Supp.2d 274, 276 (D.D.C. 2002), citing 2215 Fifth St. Assocs. v. U-Haul Intl, Inc., 148 F. Supp.2d 50, 54 (D.D.C. 2001). However, the court need not accept as true plaintiff's legal conclusions. U-Haul, 148 F. Supp.2d at 54. In order to prevail on a motion to dismiss for

improper venue, the defendant must present facts that will defeat plaintiff's assertion of venue. Id.

Plaintiff does not plead a basis for asserting that venue in this district is proper.[2] We are, therefore, left to apply the governing venue statutes to the facts pled to determine whether there is a valid basis for venue in the District of Columbia. Title VII and the Rehabilitation Act create a limited waiver of the government's sovereign immunity from suit and stand as a bar to jurisdiction by any federal district court that does not meet their venue requirements. Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989). Venue in Title VII and Rehabilitation Act cases is governed by 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. 794a(a)(1); see Bolar v. Frank, 938 F.2d 377, 379 (4th Cir. 1991); Troupe v. O'Neill, 2003 WL 21289977 (D. Kan. May 9, 2003).

A Title VII or Rehabilitation Act plaintiff can bring an action: (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3); see also, Choi v. Skinner, No. Civ-A.89-1855 SSH, 1990 WL 605543, at *2 (D.D.C. Sept. 26, 1990) (citing, Stebbins v. State Farm Mutual Automobile Insurance Co., 413 F.2d 1100, 1102-03 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969)). There is a fourth "residual" option that can be invoked only if one of the first three are not available. See Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983); Turbeville v. Casey, 525 F. Supp. 1070, 1072 (D.D.C. 1981).

---

[2]The bases for venue and jurisdiction are generally pled in the introductory sections of the complaint, and they are not found there.

Under the fourth option, an action can be brought in the district where the defendant has its principal office. Id.

Plaintiff's allegations defeat reliance on the first venue option and demonstrate that the case belongs in the Eastern District of Virginia. Plaintiff has been assigned to the Arlington Post Office at all times relevant to this complaint. Wilkinson Dec. ¶ 2. See 42 U.S.C. § 2000e5(f)(3). The actions and decisions he challenges were carried out by Postal Service employees assigned to that office. Plaintiff does not allege that any decisions were made or carried out in Washington, D.C. Decisions about disciplinary matters and other employment actions mentioned in plaintiff's complaint were made by Postal Service employees in Virginia. Wilkinson Dec. at ¶ 5. Venue lies in the Eastern District of Virginia, where the operative events occurred.

Further, Plaintiff does not allege that the government records relevant to his claims are maintained in Washington, D.C. 42 U.S.C. § 2000e5(f)(3). The relevant files are, in fact, located at various Postal Service offices and facilities in Virginia. Wilkinson Dec. ¶ 3. Supervisory notes and discipline files relevant to plaintiff's allegations are stored at the Arlington Post Office. Id. Plaintiff's EEO files and reports of investigation are maintained at the Postal facility in Sterling, Virginia. Id. Plaintiff's Official Personnel File (OPF) and time and attendance records are stored at the Merrifield Processing and Distribution Center. Id. The location of relevant documents in the Eastern District of Virginia establishes a basis for venue in that district. See Washington v. General Electric Corp., 686 F. Supp. 361 (D.D.C. 1988).

Because the allegations show that venue is proper in the Eastern District of Virginia, plaintiff cannot invoke the "residual" venue option to assert that venue is proper here solely

because Postal Service Headquarters is located in Washington, D.C. 42 U.S.C. § 2000e5(f)(3). See Stebbins, 413 F.2d at 1102; Donnell, 568 F. Supp. at 95; Turbeville, 525 F. Supp. at 1072. The proper solution to remedy this lack of venue is dismissal or transfer to a district where venue is proper pursuant to 28 U.S.C. § 1406(a).[3] Stebbins, 413 F.2d at 1102. This Court has the discretion to decide which is more appropriate, dismissal or transfer. See Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983); Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994) and General Elec., 686 F. Supp. at 362.

Defendant urges the Court to dismiss the complaint outright, because it is overwhelmingly clear that the case should have been brought in the Eastern District of Virginia, where the claims arose and where the decisions plaintiff challenges were made and implemented. See General Elec., 686 F. Supp. at 363 (stating "the Court's first inquiry must be the locus of the alleged discrimination.").

**C.     The ADEA claim should be dismissed or transferred pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.**

The ADEA does not contain a specific venue provision. Venue is, therefore, governed by the general venue provision at 28 U.S.C. § 1391(e).[4] Saran v. Harvey, No. Civ. 03-1847, 2005

---

[3] In relevant part, 28 U.S.C. § 1406(a) provides:

   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

[4] In relevant part, 28 U.S. C. § 1391(e) provides:

   A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity may or under color of legal authority, or an

WL 1106347 at *2 (D.C.C. May 9, 2005) (venue for plaintiff's ADEA claim determined by the general venue statute). "Under that provision, venue is appropriate where the defendant resides, a substantial part of the events occurred, or the plaintiff resides." Id. Here again, the District of Columbia is not the proper venue. While the mailing address of the Postmaster General is located in Washington, D.C., the post office that is the subject of Plaintiff's claims is located in Arlington, Virginia. "Furthermore, none of the events giving rise to plaintiff's claims occurred in Washington, D.C., and plaintiff does not reside in the District." Id. See Complaint, p. 1. Since venue is not proper here on any claim, the case should not remain in this district and should be litigated in the judicial district where the Title VII, Rehabilitation Act and ADEA claims belong. See Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper.").

     **D.**     **Any claims not dismissed should be transferred to the Eastern District of Virginia for the convenience of the parties and the witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a).**

Even if plaintiff could satisfy the venue provisions of Title VII and the Rehabilitation Act, any claims remaining should be litigated in the Eastern District of Virginia for the convenience of the parties and the witnesses and in the interest of justice. The court should transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), which

---

agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

provides that: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In deciding whether to transfer a case to a more convenient forum, the court may consider: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. Airport Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp. 2d 227 (D.D.C. 2002) (hereinafter AWG).

Though a plaintiff's "choice of forum is entitled to deference a plaintiff's choice receives less weight where the operative facts occurred in another forum and the plaintiff does not reside in the forum. AWG, 226 F. Supp. 2d at 230 (and cases cited therein). See also Weber v. Basic Comfort, 155 F. Supp. 2d 283 (E.D. Pa. 2001). That is quite clearly the case here. As plaintiff's complaint and the Declaration of Randolph A. Wilkinson demonstrate, all events occurred in the Eastern District of Virginia. The connections to this district are non-existent. Thus, the case should be litigated in the Eastern District of Virginia, where the causes of action arose, where the decisions were made and implemented and where plaintiff worked and allegedly suffered the consequences of the Postal Service's actions.

Finally, courts in this circuit must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. Trout Unlimited v. U.S. Dept. of Agriculture, 944 F. Supp. 13, 17 (D.D.C. 1996) (citing Cameron v. Thornburgh,

983 F.2d 253 (D.C. Cir. 1993)). "[A]lthough Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." <u>Claasen v. Brown</u>, Civ. No. 94-1018, 1996 WL 79490, Slip op. at *6 (D.D.C. 1996). Even if Plaintiff's choice of forum is entitled to some deference, it is far from dispositive where, as here, the case has no contacts with the District of Columbia, other factors militate strongly in favor of transfer and there are no significant ties to the District of Columbia that weigh in favor of retaining jurisdiction within this district. Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Eastern District of Virginia.

      Thus, for the convenience of the parties, and in the interest of judicial economy, any remaining claims should be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

## III. CONCLUSION

For reasons stated herein, this action should be dismissed. Any claims not dismissed should be transferred to the Eastern District of Virginia where venue is proper.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


_____
KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing Defendant's Motion to Dismiss or, in the Alternative, to Transfer for Lack of Venue be sent via first class mail on:

>Mr. Marco J. Thomas
>10008 Edgewater Terrace
>Ft. Washington, MD 20744-5767

on this 2nd day of December, 2005.

_____
Karen L. Melnik
Assistant United States Attorney