RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2006 JAN 17 PM 4: 07

NANCY M.
MAYER-WHITTINGTON
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCO J. THOMAS )
    Plaintiff, )
 )
v. )
 ) Civil Action No. 05-1923 (JDB)
 )
JOHN E. POTTER )
Postmaster General )
United States Postal Service )
 )
    Defendant, ) Date: January 17, 2006

**PLAINTIFF'S OPPOSITION TO DEFENDANTS
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO TRANFER FOR LACK OF VENUE**

Plaintiff Marco J. Thomas, Plaintiff, in reference to Agency Case No. 4K 220-0002-03, EEOC No. 100-2004-01034X, this complaint alleged discrimination based on mental disability (Stress), age (DOB: 10/14/62) and retaliation for Prior EEO Activity, when (1) on September 16, 2002, his request for LWOP in lieu of annual or sick leave for the period of September 5, 2002, until further notice was disapproved; (2) on December 9, 2002, he reported for duty as scheduled and was yelled at in front of fellow employees to get off the floor and return at 10;00a.m.; (3) on December 2, 2002, he was harassed about his work performance; (4) on October 28 and 29, 2002, he was harassed by management officials about his work performance on a new work assignment; (5) on December 2, 2002 after returning from an appointment at the USPS medical unit, he was advised that his reporting time had been changed from 7:00a.m. to 9:00a.m. that day thus making the job related appointment off-the-clock; (6)

On Feb 10 2003, he received a Notice of 14-day suspension. (these 6allegations were not listed as the reason for the dismissal of the plaintiff's case)

The Plaintiff opposes the Defendant's motion to dismiss this case for a biased and false statement by the Defendant, due to questionable ethics in the unfair processing, handling and upholding a false ruling decision <u>to dismiss the Plaintiff's case for untimely filing of a formal complaint</u> and the Defendant's claim against the Plaintiff for failing to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction and improper venue (the **NOTICE OF FINAL ACTION,** does not refer to any proper jurisdiction) pursuant to any Federal Rule of civil Procedure 12(b) (1). (3) 28 U.S.C. 1406(a) or U.S.C. 1404(a). In the alternative any claims not dismissed should be transferred to the Eastern District of Virginia where venue is proper in it's self speaks volumes about the Defendant's arrogance, credibility of being biased and prejudice.

Plaintiff, asks the Court/Judge to refer to **NOTICE OF FINAL ACTION,** dated: June 7, 2005 page 2(attached), of Plaintiffs *(Right to file a civil action)* which states *"If you are dissatisfied with this final agency decision, you may file a civil action in an appropriate U.S. District Court)*. The U.S. District Court of Columbia is an appropriate U.S. District Court and is a proper venue to represent the Plaintiff in this case.

Plaintiff, also contends that the Defendant has not fully established a clear case nor provided evidence as to which relief(s) requested have proper legal implications to dismiss this case *"for failing to state a claim upon which relief can be granted"* reiterated from paragraph 3 above, *"If you are dissatisfied with this final agency decision, you may file civil action in an appropriate U.S. District Court. "*

On March 22, 2005, the Defendant EEOC, Washington Field Office served Plaintiff

with an **AKNOWLEDGMENT AND ORDER(A&O)**, both the Plaintiff and the Defendants were both supposed to be allowed to participate in Discovery (see **DISCOVERY** pages 2 thru 4 of **A&O**). On April 16, 2005, a copy of the Agency's First Set of Interrogatories and Requests for Production of Documents was transmitted by First Class Mail Delivery to the Plaintiff. Plaintiff submitted responses to the Defendant on May 19, 2005 in good faith and in accordance with all rules thereof to their Requests for Production of Documents which was transmitted by Delivery Confirmation #0302 0980 0001 4954 6249.

However, on May 1, 2005 Plaintiff, submitted to the Defendant its First Set of Interrogatories and Requests for Production of Documents, by Delivery Confirmation #0302 0980 0001 4954 6201. On June 2, 2005 EEOC Administrative Judge Richard W. Furcolo issued a false ruling that was a prejudice, impartial and bias decision dismissing the Plaintiffs complaint for untimely filing of a formal complaint 3 days before the Defendant was to respond to Plaintiff's **First Set of DISCOVERY Requests,** this decision was received by the Postal Service on June 6, 2005 and June 7, 2005 Plaintiff received his **NOTICE OF FINAL ACTION** from the Defendant deciding to implement the decision of the Administrative Judge dismissing his claim for untimely filing of a formal complaint which was a false ruling, impartial, prejudice and bias, the Defendant also did not and has not properly and fairly reviewed/processed the Plaintiff's entire case without impartialness, prejudice and bias, nor within all legal rules and regulations thereof, **thus illegally denying Plaintiff his right to participate in DISCOVERY which denied the Plaintiff's right to request all information to represent/defend himself adequately and fairly in this case on all complaints within the EEO Investigation Report without**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused a copy of the foregoing Plaintiff's Opposition to Defendants Motion to Dismiss or, or in the Alternative, to Transfer for Lack of Venue sent Via First class mail No. 7004 0750 0002 8202 6920 on:

this 17th day of January, 2006

to:  Karen L. Melnick, DC Bar #436452
     Assistant United United States Attorney
     55 4th Streetm, N.W.
     Washington, D.C. 200530

And hand delivered to:   (JDB)
                         United States District Court
                         For The District Of Columbia

_____
Marco J. Thomas, Plaintiff