# UNITED STATES POSTAL SERVICE®

# EEO Investigation Report

**NOTICE — RESTRICTED USAGE**
Access to, and usage of, this EEO complaint is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The file and its contents must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)(1)).

| Processing Office | Case No. | Date Filed |
|---|---|---|
| NEEOISO | 4K-220-0002-03 | 2/20/03 |

| Complainant Name | Position Title |
|---|---|
| Marco J. Thomas | Letter Carrier |

| Address of Complainant | Name of Complainant's Supervisor |
|---|---|
| 10008 Edgewater Terrace<br>Ft. Washington, MD 20744 | Mark R. Johnson |

| | Telephone No. | Email Address |
|---|---|---|
| | (703) 525-8007 | |

| Telephone No. | Email Address | Preference Eligible (yes or no) | Mixed Case (yes or no) |
|---|---|---|---|
| (301) 567-2473 | | No | No |

| Complainant's Postal Facility | Responding Postal Facility |
|---|---|
| Alexandria Main Post Office | Arlington Main Post Office |

| Responding Postal Manager's Name | Responding Postal Manager's Address |
|---|---|
| Mark R. Johnson | Arlington Main Post Office<br>3119 Washington Blvd.<br>Arlington, VA 22210-9998 |

| Telephone No. | Email Address | |
|---|---|---|
| (703) 525-8007 | | |

## Type of Complaint

| Race | Color | Religion | Sex | National Origin | Age (Date of Birth) |
|---|---|---|---|---|---|
| | | | | | 10/14/62 |

| Physical Disability | Mental Disability |
|---|---|
| | Stress |

| Retaliation Based on Previous Activity (Cited Dates and Case Nos.) | |
|---|---|
| 1. Date: 3/11/98    Case No.: 4K220008798<br>9/21/00                      4K220002801<br>2/19/02                      4K220004302 | 2. Date: 4/1/02    Case No.: 4K220006402<br>6/10/02                      4K220008702 |

**Claim(s):**

Complainant alleges that he was discriminated against based on mental disability (stress), age (DOB: 10/14/62), and retaliation (prior EEO activity) when: (1) on September 16, 2002, his request for LWOP in lieu of annual or sick leave for the period of September 5, 2002 until further notice was disapproved by Postmaster Napper; (2) on December 9, 2002, he reported for duty as scheduled, however he was yelled at in front of fellow employees by Supervisor Mark Johnson to get off the floor and return at 10:00 AM; (5) on December 2, 2002, after returning from an appointment at the USPS medical unit, he was advised by supervisor Johnson that his reporting time had been changed from 7:00 AM to 9:00 AM that day thus making the job related appointment off-the-clock when it should have been on-the-clock; and (6) on February 10, 2003, he received a Notice of 14-Days Suspension from Mark Johnson.

| Complainant's Representative Name | Title |
|---|---|
| Simon Banks | Attorney |

| Address of Representative |
|---|
| 1800 Diagonal Rd, Suite 600<br>Alexandria, VA 22314-2840 |

| Investigator's Name (Print or Type) | Office Telephone No. | Email Address |
|---|---|---|
| Michael M. Jurach | (540) 752-1606 | eeos@adelphia.net |

| Postal Address of Investigator | Postal Address of Area Manager of EEO Compliance and Appeals |
|---|---|
| P.O. Box 170<br>Hartwood, VA 22471-0170 | Kathleen M. Eley<br>EEO Compliance and Appeals<br>Capital Metro Operations<br>P.O. Box 1730<br>Ashburn, VA 20146-1730 |

| Investigator's Signature | Date Report Completed | Investigator No. |
|---|---|---|
| *Michael M. Jurach* | 6/16/04 | 7042 |

PS Form 2430, March 2001

4K-220-0002-03                                                                   MARCO J. THOMAS

## TITLE PAGE

| | |
|---|---|
| MARCO J. THOMAS ) <br> 10008 Edgewater Terrace ) <br> Ft. Washington, MD 20744 ) <br>  ) <br> Complainant ) <br>  ) <br> v. ) <br>  ) <br> JOHN E. POTTER ) <br> Postmaster General ) <br> United States Postal Service ) <br> c/o Capital Metro Area Operations ) <br>  ) <br> Agency ) | AGENCY CASE NO. <br> 4K-220-0002-03 |

INVESTIGATIVE REPORT

This investigative report was prepared by the undersigned investigator and submitted to the agency on this, the 16th day of June 2004.

*Michael M. Jurach* (signature)

Michael M. Jurach
USPS EEO Contract Investigator

**Access to, and usage of, this EEO complaint file is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. This file and its contents must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).**

Investigative Summary
Page 1 of 11

4K-220-0002-03                                                                MARCO J. THOMAS

INDEX AND EXHIBITS

| DOCUMENT | PAGE |
|---|---|
| Index of File | 2 |
| List of Affidavits | 2 |
| List of Exhibits | 3-4 |
| Investigative Summary | 5-10 |

AFFIDAVITS

A.  Marco J. Thomas                    City Carrier, PS-06
    Complainant                        Arlington Main Post Office
    DOB: 10/14/62                      US Postal Service
                                       3118 Washington Blvd
                                       Arlington, VA 22201-9998

B.  Leonard L. Napper                  Postmaster, EAS-25
    Witness                            N. Virginia District Office
    DOB: 8/28/54                       US Postal Service
                                       8409 Lee Highway
                                       Merrifield, VA 22081-9998

C.  Mark R. Johnson                    Supervisor, EAS-17
    Witness                            Eads Station
    DOB: 5/19/65                       US Postal Service
                                       1720 Eads Street
                                       Arlington, VA 22202

D.  Carlton R. McKoy Jr.               Supervisor, EAS-17
    Witness                            Arlington Main Post Office
    DOB: 12/5/63                       US Postal Service
                                       3118 Washington Blvd
                                       Arlington, VA 22201-9998

E.  David B. Lee                       Supervisor, EAS-17
    Witness                            Arlington Main Post Office
    DOB: 8/15/69                       US Postal Service
                                       3118 Washington Blvd
                                       Arlington, VA 22201-9998

4K-220-0002-03                                                            MARCO J. THOMAS

| EXHIBITS | | # of Pages |
|---|---|---|
| 1. | PS Form 50 for Marco J. Thomas dated 11/18/2000. | 1 |
| 2. | List of Complainant's prior EEO activity | 1 |
| 3. | Position Description for City Carrier, dated March 3, 1992 | 2 |
| 4. | Memorandum from Complainant to Mr. Napper requesting LWOP, dated September 5, 2002; PS Form 3971 from Complainant requesting LWOP, dated September 9, 2002; and letter from Mr. Napper to Complainant denying the request, dated September 16, 2002. | 4 |
| 5. | Complainant's Everything Reports for the periods November 16 through December 13, 2002. | 5 |
| 6. | Memorandum to Complainant from the Health Unit requesting that he make an appointment with the Postal Physician, dated November 7, 2002 | 1 |
| 7. | Complainant's Medical Report from the Health Unit, Northern Virginia District, dated December 2, 2002; and letter from Complainant's physician to USPS stating he should not work more than eight hours a day, dated March 12, 2002. | 3 |
| 8. | PS Forms 3971, Request for or Notification of Absence, from Complainant requesting Medical Unit leave, dated December 2, 2002. | 4 |
| 9. | USPS-NALC Joint Step A Grievance Form for Complainant and Grievance Settlement Resolution granting him two hours sick leave on December 2, 2002 | 2 |
| 10. | Memorandum from Mr. Peterson, Ph.D. to Complainant stating he was well enough to return to work on December 4, dated December 3, 2002. | 1 |
| 11. | Memorandums from Mr. Peterson, Ph.D. to Complainant stating he should be excused from work from December 9, 2002 through January 6, 2003. | 2 |
| 12. | Notice of Fourteen Day Paper Suspension from Mark Johnson to Complainant, dated December 11, 2002. | 3 |
| 13. | USPS-NALC Joint Step A Grievance Form for Complainant and Grievance Settlement Resolution showing that the Notice of Fourteen Day Paper Suspension was rescinded. | 2 |
| 14. | ELM 16.1, Section 514 (Leave Without Pay), dated February 8, 2001. | 2 |

4K-220-0002-03                                                                                              MARCO J. THOMAS

15.   2001-2006 National Agreement between NALC and USPS, Section 4,     2
      Suspension of 14 Days or Less.

16.   Handbook M-41, TL-4, dated March 1, 1998, with revisions through   2
      April 5, 2001, Section 131.3 (Actual Delivery), and ELM 17.3,
      Section 666.5 (Obedience to Orders)

17.   Document request and response from Judith O'Hara, Arlington        2
      Main Post Office, dated April 18, 2004.

C-18. Notices of debts regarding Complainant's claim for compensatory    24
      damages.

4K-220-0002-03                                                                  MARCO J. THOMAS

## INVESTIGATIVE SUMMARY

Statement of Claims and Issues to be investigated: Complainant Marco J. Thomas alleges discrimination based on mental disability (stress), age (DOB: 10/14/62), and retaliation (prior EEO activity) when: (1) on September 16, 2002, his request for LWOP in lieu of annual or sick leave for the period of September 5, 2002 until further notice was disapproved by Postmaster Napper; (2) on December 9, 2002, he reported for duty as scheduled, however he was yelled at in front of fellow employees by Supervisor Mark Johnson to get off the floor and return at 10:00 AM; (5) on December 2, 2002, after returning from an appointment at the USPS medical unit, he was advised by supervisor Johnson that his reporting time had been changed from 7:00 AM to 9:00 AM that day thus making the job related appointment off-the-clock when it should have been on-the-clock; and (6) on February 10, 2003, he received a Notice of 14-Days Suspension from Mark Johnson.

**(1)   LWOP Disapproved**  *See Exhibit #4 12344 Misc. Correspondence #10 of 25*

**Affidavit Testimony:**

Complainant Marco J. Thomas, a City Carrier at the Arlington Main Post Office, alleges that Postmaster Leonard Napper denied his request for leave without pay (LWOP) in lieu of annual or sick leave because he did not provide suitable documentation to support his absences. Complainant states Destra Beyne and Demetrice Mundy were treated differently than he was because they were allowed to use LWOP. Complainant states he did not file age as a factor for this issue, but believes that his prior EEO activity was a factor because he has filed at least five or more EEO complaints, and the denial of his request aggravated his mental condition. [Affidavit A]

Leonard L. Napper, Acting Manager, Northern Virginia District Office, states at the time in question he was the Installation Head of the Arlington Virginia Post Office. Mr. Napper states he does not recall approving or denying the Complainant's request for LWOP. Mr. Napper testifies that Destra Beyne and Demetrice Mundy may have been allowed to take LWOP, and recalls that they had documentation from physicians prescribing that they be off duty. Mr. Napper states the Complainant's mental disability, age, and prior EEO activity were not factors when his request to use LWOP in lieu of annual or sick leave was denied. [Affidavit B]

Mark R. Johnson, Supervisor of Customer Service, Arlington Post Office, states he had no involvement with this issue. [Affidavit C]

Carlton R. McKoy, Supervisor of Customer Service, Arlington Main Post Office, states he had no involvement and has no knowledge of this issue. [Affidavit D]

David B. Lee, Delivery Customer Service Supervisor, North Station Arlington, states he

4K-220-0002-03                                                                    MARCO J. THOMAS

could not remember back to the date of this issue. [Affidavit E]

(2)    **Told to get off the floor and return at 10:00am**

**Affidavit Testimony:**

Complainant states on December 9, 2002, Supervisor Mark Johnson yelled at him to get off the floor and return at 10:00am, and Supervisor Carlton McKoy told him to do as Mr. Johnson instructed. Complainant states he was not given a reason why he was asked to leave the floor and return at 10:00am. Complainant believes his age was a factor because no younger city carriers were asked to leave and not return until 10:00am, and Complainant believes his prior EEO activity was a factor because he has filed at least ten or more EEO complaints and union grievances against management. Complainant adds that his medical condition was aggravated when he was yelled at to leave the floor and return at 10:00am. [Affidavit A]

Mr. Napper states he is not aware of this incident. [Affidavit B]

Mr. Johnson states on December 9, 2002, he told Complainant to leave the work floor and clock out, and return at 10:00am. Mr. Johnson states prior to December 2, 2002, the Complainant had been off from work for approximately six months on sick leave or leave without pay. Mr. Johnson further states on December 2 the Complainant did not complete his route and returned the mail saying he could not perform his duties, but would not give a reason. Mr. Johnson adds that the Complainant was out on sick leave on December 3, and when he returned on December 4 he told the Complainant he needed a report from his physician showing his medical status. Furthermore, on December 4, Mr. Johnson states he also told the Complainant that beginning December 7 he was to start reporting to work at 10:00am. Mr. Johnson states the Complainant did not request accommodation, but he wanted him to start work at 10:00am so he could perform part of his duties until he submitted medical records. Mr. Johnson testifies he was on leave on December 6 & 7, and the Complainant did not comply with the new starting time on December 7 and did not submit medical records. Mr. Johnson states on December 9 Complainant reported to work prior to 10:00am and without medical documentation, so he had him clock out and told him to report at 10:00am with medical documentation showing his medical status. Mr. Johnson adds Complainant called him later that day saying he could not return to work, and on January 23, 2003, he received a letter form the Complainant's doctor stating he was still suffering from anxiety and tension and should be excused from work from December 9, 2002, until further notice. [Affidavit C]

Mr. McKoy states he has no knowledge of this issue. [Affidavit D]

Mr. Lee states he could not recall this issue. [Affidavit E]

(5)    **Reporting time changed**

4K-220-0002-03                                                    MARCO J. THOMAS

**Affidavit Testimony:**

Complainant states he had an appointment at the U.S.P.S. Medical Unit prior to 7:00am on December 2, 2002, and when he reported to work, Supervisor Mark Johnson told him his start time was 9:00am, when he reported to work, rather than 7:00am when he went to the Postal Service physician. Complainant believes his start time should have been 7:00am when he reported to the Medical Unit. Complainant further states his medical documentation, dated December 2, 2002, showed that he was to work only eight hours per day, and he would have worked more than eight hours if his start time was 9:00am rather than 7:00am. Complainant testifies his end time on December 2 should have been 2:00pm because he missed lunch, and Mr. Johnson and Supervisor David Lee wanted to increase his workload to retaliate and harass him. Complainant states no younger city carrier was asked to begin work at 9:00am, and his prior EEO activity was a factor because he had previously filed ten or more EEO complaints and union grievances against management. Complainant further testifies his mental disability was aggravated when his begin time was changed. [Affidavit A]

Mr. Napper states he is not aware of Mr. Johnson changing the Complainant's time. [Affidavit B]

Mr. Johnson states prior to December 2, 2002, Complainant had been on sick leave or leave without pay for approximately six months. Mr. Johnson states that on December 2, before reporting to work at 9:00am, the Complainant had to go to the USPS Medical Facility for clearance to return to work. Mr. Johnson adds the Complainant wanted to be on the clock from the time he reported to the Medical Facility, but he (Johnson) states Complainant was still considered to be on sick leave until he presented clearance that he could return to work, so his start time that day began at 9:00am, when he presented medical clearance and reported for duty. He did not have an on the job injury, so he had to prove he was medically able to return to work. Mr. Johnson states the Complainant's mental disability, age and prior EEO activity were not factors when he was told his starting time was 9:00am. [Affidavit C]

Mr. McKoy states he has no knowledge of this issue. [Affidavit D]

Mr. Lee states he could not recall this issue. [Affidavit E]


(6)    **Notice of Fourteen-Day Suspension**

**Affidavit Testimony:**

Complainant states on February 10, 2003, Mr. Johnson gave him a Notice of Fourteen-Day Suspension for unsatisfactory performance, failure to follow instructions and failure to complete the delivery of the mail. Complainant testifies Supervisors Johnson and Lee wanted to increase his workload, and not give him the rights of seniority by letting

4K-220-0002-03                                                                          MARCO J. THOMAS

another city carrier use his vehicle and case and carry his route. Complainant states he received the letter in retaliation for prior EEO and union grievances, and no younger employees were given an increased workload. Complainant states his prior EEO activity was a factor because he had previously filed ten or more EEO complaints and union grievances against management. Complainant testifies he filed a union grievance over the Notice and it was rescinded. [Affidavit A]

Mr. Napper states he is not aware of disciplinary action being taken against the Complainant by Mr. Johnson. [Affidavit B]

Mr. Johnson states on December 2, 2002, he assigned Complainant to deliver mail on Route 111, which he previously worked before going out on extended sick leave. Mr. Johnson further states Mr. Spencer had been working this route while Complainant was on sick leave, and he gave Complainant part of this route to work when he returned on December 2. Mr. Johnson testifies there was not a vehicle available when Complainant began the route, so he drove him to the location and told him to call after that part of the route was delivered for further instructions, which he did. Mr. Johnson states Mr. Lee delivered a vehicle and additional mail to deliver to the Complainant, but he returned to the post office approximately two hours later, retuning the vehicle and all of the mail that had been given to him to deliver. Mr. Johnson states Complainant told him he could not complete his duties, but did not give a reason. Mr. Johnson adds Complainant was not given more work than he should have been able to complete in the amount of time he worked. Mr. Johnson states he issued Complainant a Notice of 14-Day Suspension for not following instructions to deliver mail on December 2, 2002. Mr. Johnson states the Complainant's mental disability, age and prior EEO activity were not factors when he issued him the Notice. [Affidavit C]

Mr. McKoy states he has no knowledge of this issue. [Affidavit D]

Mr. Lee states he could not recall this issue. [Affidavit E]

**Record Evidence:**

Official records and documents related to the complaint establish that Complainant Marco Thomas is a City Carrier assigned to the Arlington Post Office [Exhibit 1]. The Complainant has had six contacts involving EEO complaints [Exhibit 2]. The Position Description for City Carrier is located at [Exhibit 3]. Complainant submitted written request for LWOP, dated September 5, 2002, and submitted PS Form 3971, requesting LWOP from September 5 until further notice; and the response from Mr. Napper denying the request for not providing suitable documentation to support the absences [Exhibit 4]. The Complainant's Everything Reports shows that on December 2, 2002, he worked six hours with two hours annual leave; on December 3 he was on sick leave; on December 4, 6 & 7 he worked eight hours each day and on December 9 he worked .18 hours with 7.82 hours leave without pay [Exhibit 5]. On November 7, 2002, The USPS Health Unit requested that Complainant make an appointment with the Postal Physician prior to

4K-220-0002-03                                                      MARCO J. THOMAS

returning to work [Exhibit 6]. The USPS Health Unit report, dated December 2, 2002, recommends that Complainant not work overtime, and a letter from Complainant's psychologist, dated March 12, 2002, states the Complainant should not be required to work more than eight hours a day [Exhibit 7]. The Complainant submitted PS Form 3971 requesting two hours credit for going to the USPS Medical Unit, and submitted USPS Form 1260 to claim that his begin time on December 2, 2002, was 7:00am [Exhibit 8]. Through the grievance procedure, Complainant was granted two hours sick leave for December 2, 2002, because he provided medical documentation that he had a doctor's appointment [Exhibit 9]. A memorandum from Complainant's physician, dated December 3, 2002, states that he was well enough to return to work on December 4, 2002 [Exhibit 10]. Memorandums from Complainant's physician, dated January 2 and July 24, 2003, state Complainant was still suffering from anxiety and tension and should be excused from work first from December 9, 2002 through January 6, 2003, and then changed to until further notice [Exhibit 11]. Mark Johnson issued Complainant a Notice of Fourteen Day Paper Suspension, dated December 11, 2002, for unsatisfactory performance when he did not complete the delivery of the mail as scheduled [Exhibit 12]. The Notice of Fourteen Day Paper Suspension was rescinded through the grievance procedure because Complainant did not have to work past his medical restriction of working only eight hours per day [Exhibit 13].

**Applicable Policies:**

ELM 16.1, excerpts from Section 514 (Leave Without Pay), is included in the report at [Exhibit 14]. This section explains it is at the discretion of the administrative director whether to grant LWOP, the granting official should have reasonable expectation that the employee will return at the end of the approved period, and a written justification and statement of reasons is required if the request will extend over thirty days. Section 4 (Suspension of 14 Days or Less), of the 2001-2006 National Agreement between NALC and USPS is located at [Exhibit 15]. This section explains the suspended employee will remain on duty with no loss of pay, but is to be considered the same degree of seriousness as a time-off suspension. Handbook M-41, Section 131.3 (Actual Delivery) and Section 666.5 (Obedience to Orders), ELM 17.3, is located at [Exhibit 16]. These sections explain the route is to be delivered within the scheduled time, and it is the employee's responsibility to inform management when this cannot be done, and employees must obey the instructions of their supervisors.

**[Investigator's Note: There were no policy or contract provisions regarding changing an employee's starting time when he/she has a medical appointment, or having an employee leave the floor and return at a later time]**

**Comparative Data (Mental Disability, Age and Retaliation):**

Judith O'Hara, Arlington Main Post Office, provided the following information: Leonard Napper allowed one employee to use leave without pay (LWOP) during the period

4K-220-0002-03                                                          MARCO J. THOMAS

January through September 2002 [Matrix 1]; Mark Johnson changed the starting time of one employee during the period January through December 2002 [Matrix 2] [Exhibit 17]. Mark Johnson provided information that during 2002 he issued Letters of Warning to three employees [Affidavit A, addendum] [Matrix 3].

**Matrix 1:** Employee(s) Leonard Napper allowed to use LWOP from January to September 2002

| Name | Position | Reason | Disability | Age | Prior EEO |
|---|---|---|---|---|---|
| Desta Beyne | Letter Carrier | awaiting OWCP (injury) | yes | 1/19/57 | no |

**Matrix 2:** Employees whose starting time was changed by Mark Johnson from February 2002 through February 2003

| Name | Position | Reason | Disability | Age | Prior EEO |
|---|---|---|---|---|---|
| Rick Sweeney | Letter Carrier | medical | yes | 12/19/42 | no |

**Matrix 3:** Employees issued disciplinary action by Mark Johnson from February 2002 through February 2003

| Name | Position | Action | Disability | Age | Prior EEO |
|---|---|---|---|---|---|
| Frank Norris | Letter Carrier | LOW | no | 7/24/61 | no |
| Harry Saunders | Letter Carrier | LOW | no | 7/12/60 | no |
| Rick Sweeney | Letter Carrier | LOW | yes | 12/19/42 | no |

LOW: Letter of Warning

## COMPENSATORY DAMAGES

**Affidavit Testimony:**

Complainant requested compensatory damages, but did not state the amount of compensatory damages he is requesting, although he submitted notices of debts in the

4K-220-0002-03                                                                 MARCO J. THOMAS

amount of $55,910.66 (Exhibit C-18]. Complainant was requested to provide information relative to his entitlement for compensatory damages on PS Form 2569-C. He returned the form containing information that he has suffered from stress, depression and anxiety (to include HIV infection) since December 2001, but he did not explain the cause or severity of the problems, nor how each pre-existing condition was made worse by the acts of discrimination alleged in his complaint [Affidavit A].