Delivery Confirmation No. 0302 0980 0001 4954 6249
Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

State of Maryland, Prince George's County
On this _19_ day of _May_ 2005
_[signature]_
personally appeared before me and acknowledged that
he/she executed the foregoing instrument.
_[signature]_ Notary Public
My Commission Expires _____

Re: <u>Agency's First set of Discovery Requests to Complainant</u>

## <u>Interrogatories</u>
## <u>Complainants Answers and Requested Documents</u>

<u>Interrogatory No. 1</u>: Identify all prior grievances, appeals, complaints, or actions of any type, that you have filed or threatened to file with or against any employer, administrative agency, administrative tribunal (including but not limited to the Office of Workers' Compensation Programs (OWCP), Department of Labor (DOL), United States Postal Service (USPS), Merit Systems Protections Board (MSPB), Equal Employment Opportunity Commission (EEOC)), or in any state or federal court, Identify all documents in your possession associated with such actions.

At this time due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing). <u>I am requesting, that, if I find or recover any additional prior grievances, appeals, complaints, or actions of any type, that I have filed or threatened to file with or against any employer, administrative agency, administrative tribunal (including but not limited to the Office of Workers' Compensation Programs (OWCP), Department of Labor (DOL), United States Postal Service (USPS), Merit Systems Protections Board (MSPB), Equal Employment Opportunity Commission (EEOC)), or in any state or federal court, any and all will be provided.</u>
I have included this/these attachment(s):
  1. Fax to: Debbie Meade, Acting Manager Human Resources, Re: Hostile Work Environment, Arlington Main P.O. dated: April 22, 2002
  2. Letter to: Postmaster, Leonard Napper, dated: February 11, 2002, Re: Hostile Working Environment.
  3. Settlement Agreement Form, dated: 3/14/02, Case No. 4K-220-4302

<u>Interrogatory No. 2</u>: If you have been a party to or given sworn testimony in any litigation not covered by your response to Interrogatory No. 1 above, for each such case, identify your role in the matter, describe any sworn testimony you gave in the case, and provide name of the case, any identifying case number, the jurisdiction in which the complaint was filed, and the identity of any attorneys involved in the case. Identify all documentation in your possession relating to such case.

At this time due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time, I have not been a party to or given sworn testimony in any litigation not covered by my responses to Interrogatory No. 1 above.

1

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

<u>Interrogatory No. 3</u>: Identify each person who you are informed or believe has knowledge regarding the allegations set forth in your Complaint (whether or not you expect those persons to testify at the hearing in this matter). Identify the particular allegation as to which each person has knowledge and the basis and the nature of each such persons knowledge.

**All persons named/listed in regard and having knowledge and the basis to all allegations in my complaints within the Investigative Report will be called as witnesses (to include all additional persons name/listed in this Discovery Interrogatories). If there are any other person(s) having knowledge and the basis regarding any/all the allegations set forth in my Complaint they will be added as I become aware.**

<u>Interrogatory No. 4</u>: Identify any physical, mental or emotional ailment, condition, illness, disorder, disability, or handicap from which you have suffered at any time since you began working for the Postal Service. As to each, identify whether its related to the allegations of your Complaint; whether it constitutes a "disability" as the term is contemplated under the Rehabilitation Act of 1973; the dates including month and year, on which you learned of such condition: and the duration of such condition.

**I was diagnosed with the HIV virus in December of 1990, while serving in the U.S. Military Reserve (Army). I am still currently HIV positive at this time.**

**I have and am still currently suffering from a mental disability which entails Depression, Stress, Anxiety and Headaches since February 2002, caused by the Postal Service management RMO's Leonard Napper, Ivy Cash, Timothy Scott, Anthony Huntley, Mark Johnson, David Lee, Carlton McCoy, Allexia Griffin due to their causing and instilling a hostile work environment of retaliation, discrimination against my medical disability (Stress, Anxiety, Depression), age and race.**

<u>Interrogatory No. 5</u>: With respect to any disabilities identified in your response to Interrogatory No. 4, identify what major life activities are substantially limited by such disabilities.

*I have/am currently totally disabled and substantially limited by these major life activities due to my mental disabilities (Depression, Stress, Anxiety and Headaches) and HIV to include:*
  1. **Health (Insurance, Medications, Treatment)**
  2. **Financial**

2

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

**Interrogatory No. 6**: Describe in detail how major life activities identified in Interrogatory No. 5, supra are substantially limited by the disabilities identified in Interrogatory No. 4.

At this time due to my current medical disability/condition, to my knowledge, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), **I am requesting,** that, if I find or recover any additional Medical or Financial Statements/documents all will be accepted at a later date.

### HIV Infection
1. Health (Insurance, Medication(s), Treatment): I have advanced feelings of worrying, frustration, Depression, Anxiety, Stress, loss of will, appetite, sleep, remembering, concentration, paranoia, low self esteem, due to loss of income and because I do not have medical insurance, I am unable to purchase medications prescribed by any of my attending medical professionals and also not able to sustain my medical treatment appointments.

### Stress Depression and Anxiety:
1. Financial: Loss of car, credit desecration, lien(s) against property and work income, irritation, frustration, depression, paranoia, have low tolerance level, fear of opening and reading mail and answering phones, feelings of worthlessness, remembering, concentration and low self esteem due to no income. (Attachments:
    a. Request FOR WRIT OF EXECUTION (3-641) Lein Against My Property
    b. Thrift Savings Plan TSP Financial Hardship (1pg)
    c. Request for Garnisment of Wages (1pg)
    d. Receipts for cash loans from Mary Miles (Aunt) Total: **$4,650.00** and Irma Fenwick (plus + 1 check) total: **$7,425.00**, Mary Miles and Irma Fenwick checks total: **$5,570.00** Total Loans **$17, 645** (15pgs)

All family and friends loans will be added as accumulated in the future.

2. Health (Insurance, Medication(s), Treatment): I have advanced feelings of worthlessness, frustration, Depression, Anxiety, Stress, loss of will, appetite, sleep, remembering, concentration, paranoia, lifting, low self esteem, because I do not have medical insurance and am unable to purchase medications prescribed by any of my attending medical professionals also not able to sustain my medical treatment and medications due to loss of income and insurance.

**Interrogatory No. 7**: With respect to any disability, disorder or condition identified in response to interrogatory No. 4, supra, please identify all medical professionals with whom you have consulted and the periods of such consultation, and all medications that you have taken to treat this physical or mental disorder or condition and the periods during which you have taken such medication.

3

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

Marco Thomas
10008 Edgewater Terrace
Ft. Washington MD 20744
(301) 567-2473

1. Venkat Mani,
   Infectious Diseases of Southern MD P.C
   9131 Piscataway Road Suite #620
   Clinton MD 20735
   Office (301) 868-8044
   Patient since: June 1996 (HIV Infection)

   Medications prescribed: Viramune, Viracept

2. Whitman Walker, Dr. Mani
   7676 New Hampshire Avenue
   Suite # 411
   Tacoma Park MD 20912
   Office: (301) 408-5000
   Patient since: May 2004
   Medications (none)

3. Dr Wadeson Psychiatric
   9135 Piscataway Road Suite #235
   Clinton MD 20735
   Office: 301-868-8291
   Patient Since Feb. 2002
   Treatment & Medication: Psychotherapy & Paxil

4. Michael Rose, Ph.D.
   Gateway West Building
   6192 Oxon Hill Road Suit #403
   Oxon Hill MD 20745
   301-567-7791
   Employee Assistance Program (EAP)

   Treatment: Work Stress

5. Arnold O. D. Peterson Ph., D.
   6200 Summerhill Road
   Camp Springs MD 20748-3833
   Office: (301) 432-8552
   Patient since: Feb. 2002 (psychotherapy)
   Medication prescribed: (none)

**Interrogatory No. 8**: Please describe in detail any instance in which you requested and have been granted an opportunity to use LWOP while working for the Postal Service. Please identify any documents responsive to your answer.

I requested LWOP on September 5, 2002, I was denied by Leonard Napper (see Investigative Report, Exhibit 4, Pages 1, 2, 3, 4 of 4), prior to and after this incident I had and have not requested the use of LWOP while working for the Postal Service.

**Interrogatory No. 9**: Please state whether, after your request for LWOP was denied, you provided additional documentation to management, if no, please explain why not. Please identify any documents responsive to your answer.

Yes (see Investigative Report (IR), Misc. Correspondence page 10 of 25 also pages 4, 5, 6 7, 8, 9, 11, 12, 13), I have provided medical documentation to Leonard Napper and management prior to September 5, 2002and thereafter and currently to date. When I requested LWOP on Sept, 5, 2002, I was still denied, Mr. Napper states on Sept. 16, 2002, the response to my September 5, 2002 request for LWOP, (see Exhibit 4, Page 4 of 4,) " I am unable to approve your request because you have not provided suitable documentation

4

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

to support your absences", If, (IR, <u>Misc. Correspondence</u> page 10 of 25 and also pages 4, 5, 6 7, 8, 9, 11, 12, 13), was not suitable documentation, Mr. Napper should have informed me as to what was to be accepted as suitable documentation; I have/was not told by management what was suitable documentation to date, so as I can/could provide suitable documentation.

**Interrogatory No. 10**: Please describe in detail as defined in paragraph G, supra, the type of documentation Ms. Destra Beyne and Detrice Munday provided in conjunction with their requests for LWOP, Please state whether the requests were granted, by whom and under what circumstances, Please state whether they had exhausted all their annual and sick leave prior to requesting LWOP.

**I do not know Ms. Destrsa Beyne. I know a Desta Beyene and Detrice Munday, they both informed me at that time that they had requested LWOP by management, and sometime later they were denied LWOP but did not state day, month, year or if they had exhausted all their annual and sick leave. I have them both as witnesses and intend to notify/call them when/if needed.**

**Interrogatory No. 11**: Describe in detail, (including, without limitation, the date, place and circumstances), each and every report made by you or anyone acting on your behalf to any supervisor or manager at the Postal Service with respect to each incident of harassment you complain in the subject complaint.

**All reports made on my behalf to any supervisor or manager in respect to each incident of harassment are appended/attached/included in Interrogatory No. 1 and all Interrogatories, which is similar to this Interrogatory No. 11 and included in the Investigative Report.
Interrogatory No. 12**: Identify all treatment you have sought or obtained from any health care provider as a result of the allegations in your complaint.

**Please refer to Interrogatories No. 6 and 7 for all treatment(s), health care provider(s), additional medical notices provided that I have sought or obtained as a result of the allegations in this complaint, I had also signed a Patient Authorization to Release Medical Information. (See Misc. Correspondence page 14 of 25)**

**Interrogatory No. 13**: Please describe in detail, as defined in paragraph G, supra, why you were unable to work more than 8 hours a day.

**I was unable to work no more than 8 hours a day, See Exhibit 7 pages 1,2 & 3. Please also refer to Interrogatories No. 1, 3, 5, 6, 7, 9 and10 for additional documents.**

5

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

**Interrogatory No. 14**: Identify all requests made by you for reasonable accommodation to any employer or potential employer, fully describe each request, and for each request, fully describe any and every response thereto by the employer or potential employer.

I have made 2 (two) requests while being a 14 year employee of the USPS; (1) (See Interrogatories No. 8 and 9) and, (2) being treated for Mental Disability by Psychiatric Doctors, Wadeson, and Arnold O. D. Peterson, and the USPS Health Unit, granting me a reasonable accommodation on December 2, 2002 to the Arlington P. O. of <u>NO OVERTIME</u>. I was forced to work overtime (which I was not on the overtime desired list) by Supervisor, Johnson in violation of this accommodation, which was continually agitating my medical/mental disability (and also by other management RMO's/officials of Arlington Main P. O. listed in <u>Interrogatory No. 24</u>), to include discrimination of my Age, Race. RMO Johnson retaliated on January 11, 2003 with a Notice of Fourteen 14 day Paper Suspension, further agitating my medical condition, then further agitating my medical condition was Manager, Tim Scott, who asked me my medical condition (see Issue #2, A13 of Affidavit A page 9 of 9) and issued me a notice of Pre-Disciplinary Interview on January 20, 2003. I was terrified and obtained legal counsel. Please refer to Interrogatory No. 1 for all responses. (See Affidavit a page 9 of 15 issue #1, Q5, A5)

**Interrogatory No. 15**: Please state the factual basis, as defined in paragraph J, above, for your contention that the alleged harassment aggravated your medical condition and caused you to be off work. Please identify any documentation in any way related to this Interrogatory.

As stated in Interrogatory No. 14 I was forced to work overtime by Supervisor, Johnson in violation of this accommodation (no overtime), which further agitated my medical condition (which I was not on the overtime desired list). I performed a clock ring back on the time clock in illegal harassment and violation and fear of Supervisor, Johnson. On December 6, 2002, I filed a grievance against Supervisor, Johnson for violation of my medical condition and Work Harassment, RMO Johnson retaliated on January 11, 2003 with a Notice of Fourteen 14 Day Paper Suspension, further agitating my medical condition, then further agitating my medical condition Manager, Tim Scott issued me a notice of Pre-Disciplinary Interview on January 20, 2003 (Attached). I was terrified and obtained legal counsel (Mr. Simon Banks) who notified the management that I was excused from work pending medical regimen (attached).

**Interrogatory No. 16**: During the period of time from 2000 to present, describe any non-job related incident, including but not limited to, deaths or serious illnesses in your family, divorces, marital, family or personal relationship problems, financial problems, auto accidents, and lawsuits involving you or your family which have occurred an give the occurrence.

6

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

**At this time and in my current medical disability/condition, to my knowledge, from 2002 to the present I have not had any family or friends who died, has a serious illness, divorced, marital, family or personal relationship problems, auto accidents, I have had financial problems and desolation of my credit since 2002, due to my work related medical condition to include, repossession of my car (2004), court judgments against my home (2005) and my work salary (2004). (See Interrogatory No. 6, all statements are enclosed).**

<u>Interrogatory No. 17</u>: Identify all medical, psychological or psychiatric treatment you have received at any time from January 1997 to the present, including and identification of the date(s) treatment was received, the identity of the person(s) rendering treatment, and a description of the diagnosis.

See <u>Interrogatories No. 4, 5, 6 and 7</u>

<u>Interrogatory No. 18</u>: Please describe in detail why you were on extended sick leave prior to 2002. Please describe in detail what you leave status was during your extended absence (annual Leave, sick, leave or LWOP).

**At this time and in my current medical disability/condition, to my knowledge, prior to 2002, I was never on an extended sick or annual leave, I was given an illegal LWOP in December of 2001 by RMO Anthony Huntley, which started the retaliation, discrimination, harassment, hostile work environment and my medical condition.**

<u>Interrogatory No. 19</u>: Please describe in detail, as you indicated on page 8 of 17 of your formal complaint, why you did not feel "safe returning to the street or to stay on the clock any longer in violation of my medical." What did you fear would happen if you continued to stay on the clock or returned to the street? How was safety a factor in your decision-making process?

**I did not feel safe returning to the street due to the fact that I had taken my medication without being allowed to eat lunch by RMO's Mark Johnson, David Lee, and Allexia Griffin and fear of going against the USPS Medical Unit and my Psychotherapist of no overtime. (See Interrogatory No. 20 below)**

<u>Interrogatory No. 20</u>: Please identify the medication referenced in Q37 of your administrative affidavit (p.8 of 15). State why you were not permitted to miss meals while taking this medication, and, if you communicated this restriction to the Postal service, describe in detail when and under what circumstances it was communicated. Please identify any documents responsive to this testimony.

7

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

All employees are/were allowed to have lunch within their workday, I was forced to miss lunch and not knowing what side effects the medication would cause, such as: sleepiness, pass out or cause an accident, RMO Johnson and the management were notified by; myself, in presents of Union Rep. X. Brown, and in the presence of Clerk Supervisor, Wayne Cameron as to my illness and medications.

**Interrogatory No. 21**: Describe in detail the basis for your statement in Q38 anQ39 of your administrative affidavit (p. 8 of 15) that no younger individuals or individuals without EEO were given an increased workload for purposes of harassment. Specify how you know that this is to be the case since you are not a supervisor? Please identify any documents responsive to your response.

I was present at work the date of this incident and I saw no one to my knowledge at that time who was younger than I, with or without EEO complaint or a medical condition given an increased work load for purposes of harassment, and, if so, they were harassed and discriminated against also.

**Interrogatory No. 22**: Please describe in detail any evidence you have that Supervisors Johnson & Lee wanted to increase your workload for purposes of harassment. For instance, you can respond to this question by describing what a normal workload is and explaining how you workload deviated from a normal workload. Also, please identify any documents responsive to your answer.

Supervisor, Johnson describes in detail all evidence the he and Mr. Lee increased my workload, and it was done with harassment and with discrimination of my Medical, Age, Race and because he wanted me to start my work assignment at 9:00am instead of 7:00am Supervisor Johnson states in Affidavit C Exhibit 6, (13 of 14) "I gave him part of this route to work, which he was familiar with." Supervisors Johnson and Lee both knew that it was my 2nd time delivering Rt. 111, (I was not given sufficient time to learn my new Route, I was not familiar with any of it)." Also Mr. Johnson states "Mr. Thomas was driven to his assignment with the instructions to call the office after he completed delivering two and one half hours of mail at a particular location. After he called at 2:00pm, a vehicle and one and a half hours of mail was taken to him for delivery. My mail was not adjusted so as I could get lunch, my end tour was to be 3:30pm, my lunchtime was not accounted for, and I could not go to lunch without a vehicle. (And if I called at 2:00 travel time for delivery of the vehicle was not calculated, an additional 10 to 15 minutes would have been lost in travel delivery time).

8

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

**Interrogatory No. 23**: Please describe in detail, as defined in paragraph G, supra, why you did not give management a reason for failing to complete your assigned tasks on December 2, 2002 and for going on sick leave on December 3, 2002.

**See interrogatory No. 22 above, and see Formal Complaint and (10 of 17) (Page 8 of 17) for explanation and going on sick leave.**

**Interrogatory No. 24**: Which of the alleged discriminating officials were aware of your prior EEO activity at the time they took the actions you now allege were discriminatory? Describe in detail how they gained this awareness of your prior EEO activity. Identify any documents responsive to your answer.

**I filed 2(two) prior EEOC cases against RMO's Leonard Napper, Ivy Cash & Anthony Huntley, for Retaliation, Discrimination of Medical Disability and Race. Case No's 4K-220-4302 and current 100-A3-7200X. I notified Timothy Scott, Mark R. Johnson, James Rev, Carlton McCoy, David Lee and Allexia Griffin of my EEOC activity against RMO's listed above on each occurrence of my return to work to Arlington Main P.O. in accordance with my medical condition caused by the management of Arlington Main P.O. and was further discriminated against by all RMO's listed in this Investigative Report.**

**Interrogatory No. 25**: In your answer to question No. 11 of your administrative Affidavit (p.2 of 15), you state that you did not lists age as a factor. Is age a purview in the subject complaint, and if so, with respect to which issues.

**Age was and is to be a factor in this complaint, in the first grievance against Leonard Nappers' refusal to grant me LWOP, I did not list it as a factor, but all complaints thereafter were listed as discrimination of Age (to include Medical, and Race) and is to remain as part of this/these grievance(s).**

**Interrogatory No. 26**: Have you named the alleged discriminating officials in this complaint in any of your prior EEO complaints? If so, state in which prior complaint(s) such official was named as n alleged discriminating official.

**Yes, (See Interrogatory No 24)**

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

## II. Documents Requests for Production of Documents

**Document Request No. 1**: Produce true and correct copies of all documents requested to be identified in any Interrogatory, above.

At this time, due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency</u>, that, if I find or recover any additional true and correct copies of any documents requested in any Interrogatory, above any and all will be provided.

**Document Request No. 2**: Produce all documents or other tangible evidence that substantiates, refutes, or relates in any way to any and all allegations of discrimination or retaliation that you have made in your EEO Complaint

At this time, due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency</u>, additional tangible, evidence that substantiates, refutes, or relates in any way to any and all allegations of discrimination or retaliation that I have made in my EEO Complaint, any and all will be provided.

**Document Request No. 3**: Produce all notes, emails, memoranda, diaries, records, written materials and recordings of any kind which you have compiled in connection with your EEO Complaints and/or Postal Employment.

At this time, due to my current medical disability/condition, to my knowledge, that I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency</u>, that, if I find or recover any submitted documents, notes, emails, memoranda, diaries, records, written materials and recordings of any kind which I have compiled in connection with my EEO Complaints and/or Postal Employment all will be provided.

**Document Request No. 4**: Produce copies of all exhibits you intend to introduce into evidence at a hearing in this matter.

At this time, due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency</u>, that, if I find or recover any additional submitted documents and copies of any exhibits I intend to introduce into evidence at a hearing in this matter, they/it will be provided.

Delivery Confirmation No. 0302 0980 0001 4954 6249

Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

**Document Request No. 5**: Produce any and all documents that refer to relate to or reflect any consultations and/or services that you received from any health care provider or counselor referred to in Interrogatory responses. Please attach to your Response to these discovery requests a signed Authorization for the release of medical and psychiatric records and/or other records.

**At this time and due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), I am notifying the Agency, that, if I find or recover any additional documents that refer to relate to or reflect any consultations and/or services that I have received from any health care provider or counselor referred to in Interrogatory responses and will be provided.**

**Document Request No. 6**: Produce all documents that support, refer, relate, pertain to, or are otherwise relevant to your responses to Interrogatories. In producing these documents, identify to which Interrogatory response they relate.

**At this time, due to my current medical disability/condition, to my knowledge I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), I am notifying the Agency that, if I find or recover any additional documents that support, refer, relate, pertain to, or are otherwise relevant to my responses to Interrogatories. In producing these documents, I have identified as to which Interrogatory response they relate will be provided.**

**Document Request No. 7**: Produce all documents that reflect information exchanged between you and any individual you contemplate or contemplated calling as an expert witness at a hearing in this matter, including, but not limited to, all correspondence, reports and drafts thereof, memoranda, and notes of conferences, meetings, and/or telephone calls.

**At this time, due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), I am notifying the Agency, that, if I find or recover any additional documents produced that reflect information exchanged between myself any individual I have contemplate or contemplated calling as an expert witness at a hearing in this matter, including, but not limited to, all correspondence, reports and drafts thereof, memoranda, and notes of conferences, meetings, and/or telephone calls will be submitted.**

Delivery Confirmation No. 0302 0980 0001 4954 6249
Date: May 19, 2005

EEOC Case No. 100-2004-01034X
Agency Case No. 4K-220-0002-03

**Document Request No. 8**: Produce true and correct copies of all documents that reflect any medical treatment you have received at any time from January 1, 2000 to the present

At this time, due to my current medical disability/condition, to my knowledge, I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency,</u> that, if I find or recover any additional true and all documents that reflect any medical treatment I have received at any time from January 1, 2000 will be submitted.
**Document Request No. 9**: Produce a true and accurate copy of all documents that reflect any psychiatric or physical treatment or counseling you have received at any time from January 1, 1997 to present.

At this time, due to my current medical disability/condition, to my knowledge I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency,</u> that, if I find or recover any additional true and accurate copy of all documents that reflect any psychiatric or physical treatment or counseling you have received at any time from January 1, 1997 to present and all other documentation found/recovered will be submitted.

**Document Request No. 10**: Please produce all documents in your possession and control relating to discipline you received while working for the Postal Service.

At this time, due my current medical disability/condition, to my knowledge I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency,</u> that, if I find or recover any additional documents in my possession and control relating to discipline I have received while working for the Postal Service any and all other documentation found/recovered will be submitted.

**Document Request No. 11**: Please produce all documents in your possession and control relating to any grievance you filed against the postal Service or any Grievances filed on your behalf by the Union.

At this time, due my current medical disability/condition, to my knowledge I have submitted all documents I have at this time, due to my prior Representative, Mr. Simon Banks being incarcerated (some documents may be lost or missing), <u>I am notifying the Agency,</u> that, if I find or recover any additional documents in my possession and control relating to any grievance I have filed against the postal Service or any Grievances filed on your behalf by the Union any and all will be submitted.