## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF

|  |  |
|---|---|
| Marco J. Thomas,<br>Complainant, | Date: April 3, 2003 |
|  | Agency Case No.  4K-220-0002-03 |
| v. |  |
| John E. Potter,<br>Postmaster General,<br>U. S. Postal Service<br>Capital Metro Operations,<br>Agency. |  |

## PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINT

This is the Postal Service's **partial acceptance/partial dismissal** on the above-cited discrimination complaint. The complainant alleged discrimination based on mental disability (Stress), age (d.o.b.-10-14-62), and retaliation (Prior EEO activity), when: (1) on September 16, 2002, his request for LWOP in lieu of annual or sick leave for the period of September 5, 2002 until further notice was disapproved by Postmaster Napper; (2) on December 9, 2002, he reported for duty as scheduled however, he was yelled at in front of fellow employees by Supervisor Mark Johnson to get off the floor and return at 10:00 AM; (3) on December 2, 2002, he was harassed about his work performance by Supervisor Johnson; (4) on October 28 and 29, 2002, he was harassed by management officials Ivy Cash, Tony Huntley, and David Lee about his work performance on a new work assignment; (5) on December 2, 2002, after returning from an appointment at the USPS medical unit, he was advised by Supervisor Johnson that his reporting time had been changed from 7:00 AM to 9:00 AM that day thus making the job related appointment off-the-clock when it should have been on the clock; and, (6) on February 10, 2003, he received a Notice of 14-Days Suspension from Mark Johnson.

### A. Partial Acceptance

We have received your complaint of discrimination filed on February 20, 2003. Issues #1, #2, #5, and #6 of your complaint have been accepted for investigation:

Specific Issue:  You alleged claims discrimination based on mental disability (Stress), age (d.o.b.-10-14-62), and retaliation (Prior EEO activity), when: (1) on September 16, 2002, your request for LWOP in lieu of annual or sick leave for the period of September

Issues to be Investigated
Page      of

- 2 -

5, 2002 until further notice was disapproved by Postmaster Napper;
(2) on December 9, 2002, you reported for duty as scheduled
however, you were yelled at in front of fellow employees by
Supervisor Mark Johnson to get off the floor and return at 10:00
AM; (5) on December 2, 2002, after returning from an appointment
at the USPS medical unit, you were advised by Supervisor Johnson
that your reporting time had been changed from 7:00 AM to 9:00 AM
that day thus making the job related appointment off-the-clock
when it should have been on the clock; and, (6) on February 10,
2003, you received a Notice of 14-Days Suspension from Mark
Johnson.

If you do not agree with the defined accepted issue(s), you must
provide a written response specifying the nature of your
disagreement within seven (7) calendar days of receipt of this
letter to the Senior EEO Complaints Investigator, Office of EEO
Compliance and Appeals, Capital Metro Operations, P. O. Box 1730,
Ashburn, Virginia 20146-1730.    You are reminded that any
notification of disagreement with the defined accepted issue(s) is
not an opportunity or forum to raise additional, unrelated
allegations of discrimination.    Unrelated issues must be pursued
through established procedures with your local EEO Office.

Your case will be assigned for investigation.    Please be prepared
to go forward with your case and provide an affidavit when the
Investigator contacts you in the near future.

### B. Partial Dismissal

The investigation will not involve issues #3 and #4 that were
raised in the complaint.

Specific Issue: Complainant alleged discrimination based on (3)
on December 2, 2002, he was harassed about his work performance by
Supervisor Johnson; and, (4) on October 28 and 29, 2002, he was
harassed by management officials Ivy Cash, Tony Huntley, and David
Lee about his work performance on a new work assignment;

### CASE CHRONOLOGY

Complainant was employed as a City Carrier with the agency's Main
Post Office located in Arlington, Virginia at the time of the
alleged discriminatory action.    The record reflects that
complainant requested pre-complaint processing on September 23,
2002, and received a Notice of Right to File Individual Complaint
(PS Form 2579-A) on February 5, 2003. Subsequently, on February
20, 2003, complainant filed a formal complaint of discrimination.

Issues to be Investigated
Page    of

Page 2 of 7

- 3 -

## ANALYSIS AND CONCLUSION

Pursuant to EEOC Regulations found at 29 C.F.R. 1614.107(a)(1), the agency shall dismiss a complaint that fails to state a claim. The regulations provide that an agency may not accept a complaint from a complainant that is not aggrieved. The term "aggrieved" has been interpreted by the courts and the Office of Federal Operations to mean an employee who has suffered a personal loss or harm with respect to a term, condition, or privilege of employment.

Generally, to be aggrieved, complainant must demonstrate that: 1) he suffered an injury, and 2) the agency's allegedly unlawful conduct caused that injury. Additionally, there must be a causal connection between the challenged conduct and the injury. Moreover, the required causal connection will be satisfied only if there is a substantial likelihood that the relief requested will redress the injury. Stated another way, it is clear that unless complainant has suffered a direct and personal deprivation at the hands of the agency, he cannot properly be considered a "person aggrieved" under the Commission's Regulations and thus is without standing to file a charge based on an alleged discriminatory employment practice.

A review of the record shows that complainant has failed to provide any evidence that would suggest that he suffered a personal loss or harm with respect to a term, condition, or privilege of employment as a result of the alleged management actions he cites in this case. There is no evidence that the agency took any disciplinary action against complainant or that he suffered any harm or injury with respect to his employment because of the agency's alleged actions.

Additionally, the Commission has previously held that "a remark or comment unaccompanied by any concrete effort does not constitute a direct and personal deprivation so as to render the complainant aggrieved". Fuller v. USPS, EEOC Request No. 05910324 (May 2, 1991); See, Simon v. USPS, EEOC Request No. 05900866 (October 3, 1990). Consequently, complainant has not shown that he was harmed within the context of EEO Law or the EEO Commission's Regulations.

It should be noted that under EEO regulations, every work-related issue does not constitute a term, condition, or privilege of employment. The central issue is whether complainant can demonstrate that he incurred an actual personal loss or harm and that he personally would benefit in a tangible way from the EEO Commission's intervention.

- 4 -

Clearly, as complainant has failed to show that he was harmed by any alleged adverse management action and complainant would not benefit from the intervention of the Commission, he is not aggrieved within the definitions of the law. Therefore, complainant's allegation as cited above is now dismissed in accordance with 29 C.F.R. 1614.107(a)(1).

You do not have the right to appeal this decision at this time. (See, 29 Code of Federal Regulations, Part 1614.107). A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint. You have the right to submit a statement for the record providing your position on this dismissal. You should submit this statement to the Manager EEO Compliance and Appeals, Capital Metro Operations. If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint or the issue will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days. Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee without a hearing. You may request a final agency decision without a hearing, at the appropriate

Issues to be Investigated
Page    of

Page __4__ of __7__

- 5 -

time, by writing the Manager EEO Compliance and Appeals, Capital
Metro Operations.

You may request a hearing by an EEOC Administrative Judge by
notifying, in writing, the District Director of the EEOC at the
following address:

> ADMINISTRATIVE JUDGE
> EEO COMMISSION
> WASHINGTON FIELD OFFICE
> 1400 L STREET, N.W., SUITE 200
> WASHINGTON, DC 20005-3514

You must make your hearing request within 30 calendar days of your
receipt of the investigative report and you must provide the
Manager EEO Compliance and Appeals with a copy of that hearing
request.   If you do not receive your investigative report and
notification concerning your appeal rights within 180 calendar
days from the date on which you filed your formal complaint, you
may request a hearing by writing directly to the EEOC District
Office shown above, with a copy to the Manager EEO Dispute
Resolution, at any time up to 30 calendar days after receipt of
the investigative report.

If you are dissatisfied with the Postal Service's final agency
decision where there has been no hearing, or with the Postal
Service's final action on the decision of an Administrative Judge
following a hearing, you have certain appeal rights.   You may
appeal to the Office of Federal Operations, Equal Employment
Opportunity Commission (EEOC), at the address shown below, within
30 calendar days of the date of your receipt of the final agency
decision or you may file a civil action in the appropriate U. S.
District Court within 90 calendar days of your receipt of the
decision.   You may also appeal a final action by the Postal
Service implementing a decision of an Administrative Judge
following a hearing within 30 calendar days of the date of your
receipt of that final action or you may file a civil action in an
appropriate U. S. District Court within 90 calendar days of the
date of your receipt of the final action.   Finally, you may
respond to an appeal by the Postal Service in connection with its
final action not to implement a decision of an Administrative
Judge following a hearing or you may file a civil action in an
appropriate U. S. District Court within 90 calendar days of the
date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of
Federal Operations, Equal Employment Opportunity Commission, P. O.
Box 19848, Washington, D. C. 20036-9848.   Along with your appeal,
you must submit proof to the EEOC that a copy of the appeal and
any supporting documentation were also submitted to the Office of

Issues to be Investigated
Page     of

Page  5   of  7

- 6 -

EEO Compliance and Appeals, U S Postal Service, Capital Metro
Operations, P. O. Box 1730, Ashburn, Virginia 20146-1730.

After 180 calendar days from the date of filing your formal
complaint, you may file a civil action in an appropriate U. S.
District Court if the Postal Service has not issued a final
decision on your complaint or if no final action has been taken on
a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC,
you may file a civil action in an appropriate U. S. District Court
within 90 calendar days after your receipt of the Office of
Federal Operation's decision. If you do not receive a decision on
your appeal within 180 calendar days from the date of your appeal,
you may file a civil action.

Kathleen M. Eley,
Manager, EEO Compliance & Appeals
Capital Metro Operations

Attachment:

1.    Certificate of Service

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF

### Marco J. Thomas, Complainant
### Agency Case No. 4K-220-0002-03

### CERTIFICATE OF SERVICE

I hereby certify that the Agency's Partial Acceptance/Partial Dismissal of Formal EEO Complaint has been sent by regular mail on this date to:

**COMPLAINANT:**
MARCO J THOMAS
10008 EDGEWATER TERRACE
FT WASHINGTON MD  20744-5767

**COMPLAINANT'S REPRESENTATIVE:**
SIMON BANKS ALJ
JUDGE BANKS GROUP
SUITE 600
1800 DIAGONAL ROAD
ALEXANDRIA VA  22314-2840

**EEO COMPLAINTS INVESTIGATOR**
CAPITAL METRO OPERATIONS
U S POSTAL SERVICE
P O BOX 1730
ASHBURN VA  20146-1730

**MANAGER EEO DISPUTE RESOLUTION**
NORTHERN VIRGINIA PERFORMANCE CLUSTER
44715 PRENTICE DRIVE
DULLES VA  20101-9411

April 3, 2003
Date

OFFICE OF EEO COMPLIANCE AND APPEALS
UNITED STATES POSTAL SERVICE
CAPITAL METRO OPERATIONS
P O BOX 1730
ASHBURN VA  20146-1730

Issues to be Investigated
Page   of

Page  7  of  7

U.S. Postal Service



**RECEIVED**

DEC 17 2002

EEO OFFICE OF DISPUTE RESOLUTION
NORTHERN VA

| Case No. | |
| --- | --- |
| REDRESS # 760-6510-0001617-0410 | |
| Date of Contact | 12-09-02 |

## Agreement to Participate in REDRESS™, an Alternate Dispute Resolution Process

I, _____ THOMAS MARCO _____ have been advised that, in accordance with 29 C.F.R. §1614.105(f), I have the option of participating in mediation instead of the counseling process. The EEO complaints processing office has given me information about the mediation procedure, and I voluntarily agree to participate in REDRESS™ mediation during the pre-complaint processing period. I am aware that REDRESS™ mediation sessions are confidential, and that resolutions reached during the procedure are handled in the same manner as are resolutions reached during the counseling process. In signing this agreement, I acknowledge that the pre-complaint processing period will be 90 calendar days. If the matter that I brought to the dispute resolution specialist's attention has not been resolved before the 90th day, I have the right to file a formal complaint at any time thereafter up to 15 calendar days after receiving my notice of right to file a discrimination complaint.

| Signature of Counselee | Date |
| --- | --- |
| *[signature]* | 12-14-02 |

PS Form 2567-B, March 2001

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes, where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

ADR

Page 1 of 1