**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARCO J. THOMAS,                                )
         Plaintiff                            )          Case No. 05-1923 (JDB)
                                                )
        v.                                  )
                                                )
JOHN E. POTTER,                                 )
POSTMASTER GENERAL,                             )
UNITED STATES POSTAL SERVICE,                   )
        Defendant                            )

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, TO TRANSFER FOR LACK OF VENUE**

In its motion, the defendant moved to dismiss this case for failure to state a claim upon

which relief can be granted, and for lack of subject matter jurisdiction and improper venue

pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(1), (3) and 28 U.S.C. § 1406(a) or

28 U.S.C. § 1404(a).  In the alternative, the defendant submitted that any claims not dismissed

should be transferred to the Eastern District of Virginia where venue is proper.

In his opposition, plaintiff simply reiterates his displeasure with EEOC Administrative

Law Judge Furcolo's ruling that plaintiff's complaint was untimely filed.  As the defendant

argued in its motion to dismiss, this is not an actionable claim.  See  Packer v. Garrett, 735 F.

Supp. 8, 9-10 (D.D.C. 1990) (only "right" Title VII establishes is to be free of discrimination;

this right is served even if errors are made in processing the charge, by the right to a trial de

novo), aff'd, 959 F.2d 1102 (D.C. Cir.) (table), cert. denied, 506 U.S. 1036 (1992); Young v.

Sullivan, 733 F. Supp. 131, 132 (D.D.C. 1990) ("Title VII creates only a cause of action for

discrimination.  It does not create an independent cause of action for the mishandling of an

employee's discrimination complaints."), aff'd, 946 F.2d 1568 (D.C. Cir. 1991) (table), cert.

denied, 503 U.S. 918 (1992).  Accordingly, his complaint fails to state a claim and should be dismissed.

With respect to venue, plaintiff fails again to plead a basis for asserting that venue in this district is proper.  In his opposition, plaintiff provides only the following conclusory statement: that "U.S. District Court of Columbia [sic] is an appropriate U.S. District Court and is a proper venue to represent the Plaintiff in this case."  See Plaintiff's Opposition at p. 2.  This legal conclusion standing alone is insufficient to establish proper venue.  As the defendant noted in its motion to dismiss, a Title VII or Rehabilitation Act plaintiff can bring an action:  (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(f)(3).  There is a fourth "residual" option that can be invoked only if one of the first three are not available.  See Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983); Turbeville v. Casey, 525 F. Supp. 1070, 1072 (D.D.C. 1981).  Under the fourth option, an action can be brought in the district where the defendant has its principal office.  Id.

Here, Plaintiff's allegations defeat reliance on the first venue option and demonstrate that the case belongs in the Eastern District of Virginia.  The proper solution to remedy this lack of venue is dismissal or transfer to a district where venue is proper pursuant to 28 U.S.C. § 1406(a).  Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969).

While plaintiff makes no mention of his ADEA claim in his opposition, the outcome is still the same.  Plaintiff does not establish venue pursuant to the general venue provision at 28 U.S.C. § 1391(e).  Saran v. Harvey, No. Civ. 03-1847, 2005 WL 1106347 at *2 (D.C.C. May 9,

2005) (venue for plaintiff's ADEA claim determined by the general venue statute).  As the defendant stated in its motion to dismiss, "under that provision, venue is appropriate where the defendant resides, a substantial part of the events occurred, or the plaintiff resides."  Id.  Here again, the District of Columbia is not the proper venue.

Since venue is not proper here on any claim, the case should not remain in this district and should be litigated in the judicial district where the Title VII, Rehabilitation Act and ADEA claims belong.  See  Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) ("Because none of the operative events that constitute the gravamen of plaintiff's claims took place in the District of Columbia, the Court concludes that venue in this district is improper.").

Even if plaintiff could satisfy the venue provisions of Title VII and the Rehabilitation Act, any claims remaining should be litigated in the Eastern District of Virginia for the convenience of the parties and the witnesses and in the interest of justice.  The Court should transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).

### III.  CONCLUSION

For reasons stated herein, this action should be dismissed.  Any claims not dismissed should be transferred to the Eastern District of Virginia where venue is proper.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney


KAREN L. MELNIK, DC Bar #436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing Defendant's Reply in Support

of Motion to Dismiss or, in the Alternative, to Transfer for Lack of Venue to be served via first

class mail on:

> Mr. Marco J. Thomas
> 10008 Edgewater Terrace
> Ft. Washington, MD 20744-5767

on this 24th day of January, 2006.

_____

Karen L. Melnik
Assistant United States Attorney