UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCO J. THOMAS,

    **Plaintiff**,

    v.

JOHN E. POTTER, Postmaster General,
United States Postal Service,

    **Defendant.**

Civil Action No. 05-1923 (JDB)

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, alleges that his employer, the United States Postal Service ("USPS"), discriminated against him based on his mental disability, age, race, and in retaliation for his prior equal employment opportunity activity. Defendant has moved to dismiss or, in the alternative, to transfer the case for lack of venue.

*Background*

Plaintiff, a resident of Maryland, is a 43-year old black male. Complaint ("Compl."), p. 1. He alleges that he suffers from stress, anxiety, and depression. *Id.* Plaintiff is currently employed by the USPS as a city letter carrier at the Arlington Post Office in Arlington, Virginia. Defendant's Motion to Dismiss or, in the Alternative, to Transfer for Lack of Venue, Declaration of Randolph A. Wilkinson ("Wilkinson Decl."), ¶ 2.[1] Plaintiff has held that position at the same post office location since October 21, 1989. *Id.*

---

[1] Because defendant has moved to dismiss for lack of venue, the Court may consider matters outside the pleadings. *See Gianelli v. Chirkes*, 377 F.Supp.2d 49, 51 (D.D.C. 2005).

Plaintiff filed a complaint with the EEOC alleging that the following actions by defendant constituted employment discrimination: (1) his request for leave without pay was denied; (2) he was yelled at in front of fellow employees and ordered to leave the work-room floor until 10:00 a.m.; (3) he was harassed by management officials about his work performance on a new assignment; (4) after returning from an appointment at the USPS medical unit, plaintiff was advised that his shift hours had changed and the appointment was off-the clock; and (5) he received a 14-day suspension. Compl., pp. 1-2. On June 2, 2005, the Administrative Law Judge dismissed the complaint as untimely filed. *Id.* That decision was affirmed in a Notice of Final Action by the USPS's Office of EEO Compliance and Appeals on June 7, 2005. *Id.*

### *Standard of Review*

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendant moves to dismiss the complaint based on improper venue.[2] Alternatively, defendant requests that the case be transferred to the Eastern District of Virginia. In ruling on such a motion, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F.Supp. 2d 50, 54 (D.D.C. 2001); *Darby v. U.S. Dept. of Energy*, 231 F.Supp.2d 274, 277 (D.D.C.2002). The court, however, need not accept the plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.,* 148 F.Supp.2d at 54. To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id.*

---

[2] Defendant has also moved to dismiss pursuant to Rule 12(b)(6). Given the disposition of the venue question, the Court will not address the merits of that argument.

**Analysis**

A plaintiff may bring a Title VII action or a claim under the Rehabilitation Act, 29 U.S.C. § 791, *et seq.* in (1) any judicial district in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or (4) if the employer is not found within any such district, such an action may be brought within the judicial district in which the employer has his principal office. *Archuleta v. Sullivan*, 725 F.Supp. 602, 604 (D.D.C. 1989); 42 U.S.C. § 2000e-5(f)(3); *see also* 29 U.S.C. § 794(a)(1)(Rehabilitation Act adopts "remedies, procedures, and rights" of Title VII). This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. *Darby*, 231 F.Supp. 2d at 277.

Defendant seeks either to dismiss plaintiff's claims or transfer the case for improper venue because: (1) plaintiff has been assigned to the Arlington, Virginia Post Office at all times relevant to his complaint; (2) the challenged actions and decisions were made by employees assigned to that office; (3) the files relevant to plaintiff's claim are located at postal facilities in Virginia; (4) there are no documents relevant to plaintiff's employment maintained in the District of Columbia; and (5) plaintiff does not allege that any of the decisions alleged in the complaint were made or implemented in the District of Columbia. *See* Wilkinson Decl., ¶¶ 2-4. Plaintiff does not dispute these facts. Therefore, the Court agrees with defendants that, as to the Title VII and Rehabilitation Act claims, venue is improper in this district.

The same rationale applies to plaintiff's ADEA claim. The ADEA does not have an

independent venue provision; hence, the general venue provision, 28 U.S.C. § 1391(b), applies to plaintiff's claim of discrimination based on age. *Murray v. Harvey*, 2006 WL 176103 at *2 (D.D.C. Jan. 24, 2006). Even though a court should typically give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not, as is the case here, his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc). Venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the District even when actions taken in the District "may have had an impact on the plaintiff's situation." *Donnell v. Nat'l Guard Bureau,* 568 F.Supp. 93, 94 (D.D.C. 1983). Here, there is no allegation of events occurring in the District of Columbia. Moreover, it would make little sense to divide plaintiff's various claims among different forums.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of

expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred in the Eastern District of Virginia. The cause of action arose in that jurisdiction. The relevant witnesses and documents are located there. Therefore, in the interests of justice, the case should be transferred to the Eastern District of Virginia.

## *Conclusion*

Having found that venue is improper in this jurisdiction, the Court will grant defendant's motion and transfer the case. A separate order accompanies this Memorandum Opinion.

>             /s/
> JOHN D. BATES
> United States District Judge

Dated: 2-8-06